**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION**

DAVID S. REDDING                                                                                         PLAINTIFF
#00034436
v.                                                     4:21-cv-00153-BRW-JJV

JOHN STALEY, *et al*.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Billy Roy Wilson. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen days from the date of the findings and recommendations. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

**DISPOSITION**

**I.       INTRODUCTION**

David S. Redding ("Plaintiff") sued Lonoke County Sheriff John Staley, Jail Administrator K. Flud, Jail Maintenance W. Ship, and J. Gibson, identified as medical; Plaintiff sued all Defendants in their personal and official capacities. (Doc. No. 2 at 1-2. 5, 6, 7.) Plaintiff claimed that on February 4, 2021, he slipped and fell "on soapy water from trays [because] [the trays] [weren't] cleaned properly." (*Id*. at 4.) Plaintiff said he hurt his elbow, back, and shoulder as a

result of the fall, and has not gotten to see a doctor yet.  (*Id*.)   According to Plaintiff, he was told he would be required to pay for a doctor's visit, even though it was not his fault that he fell.  (*Id*.) Plaintiff made these allegations against Defendants Flud, Gibson, and Ship. (*Id*. at 5)

Plaintiff also complained that he did not get clean clothes for 27 days. (*Id*. at 4.)   He made this claim against Defendants Flud and Staley.   (Doc. No. 2 at 7.)

Plaintiff made an additional claim against Defendants Flud, Ship, and Staley.   (*Id*. at 6.) Plaintiff alleged there is mold in vents and in the shower because the Defendants have not ensured the vents and showers were properly cleaned.  (*Id*. at 6-7.)

Plaintiff also noted Defendant Flud told Plaintiff to "stop putting requests in on 2/10/21," and that it took "them" 10 days to fill out an "Acct Form."   (Doc. No. 2 at 9.)

Plaintiff seeks damages.   (*Id*. at 8.)

## II.   SCREENING

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).   The court must dismiss a complaint or portion thereof if the prisoner has raised claims that (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   The factual allegations must be weighted in favor of Plaintiff.   *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).   "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has

even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts." *Id*. But whether a plaintiff is represented by counsel or is appearing *pro se*, his complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. PLAINTIFF'S COMPLAINT

As part of the screening process, on March 2, 2021, I advised Plaintiff that his Complaint, as currently pled, failed to state a claim on which relief may be granted. (Doc. No. 3.) I also explained to Plaintiff the deficiencies in his Complaint. (*Id*. at 4-7.) Plaintiff was given thirty (30) days to cure the Complaint's defects by filing a superseding Amended Complaint; a blank 42 U.S.C. § 1983 was mailed to him. (*Id.* at 10.) Plaintiff was cautioned that if he did not file an Amended Complaint within thirty (30) days, his Complaint could be dismissed without prejudice. (*Id*.) Plaintiff has not filed an Amended Complaint or otherwise responded to my March 2 Order and the time for doing so has passed.

Plaintiff's Complaint (Doc. No. 2) is deficient. Plaintiff sued Defendants in their official and personal capacities. Plaintiff, however, has not alleged that a policy or custom was the moving force behind his alleged injury. (Doc. No. 2.) As such, his official capacities claim fail. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Corwin v. City of Independence, Missouri,* 829 F.3d 695, 699 (8th Cir. 2016).

Plaintiff's slip-and-fall claim against Defendants Flud, Gibson, Ship, and Staley sounds in negligence rather than rising to the level of a constitutional violation. *Davis v. Dorsey*, 167 F.3d 411, 412 (8th Cir. 1999); *Walker v. Reed*, 104 F.3d 156, 157-58 (8th Cir. 1997). Because Plaintiff's allegations are based in negligence, his slip and fall claim fails under § 1983.

Plaintiff names Defendants Flud, Gibson, Ship, and Staley in his deliberate indifference to serious medical needs claim. But Plaintiff did not allege these Defendants knew of a serious medical need; he did not provide supporting factual allegations; and he did not explain each Defendant's actions, or inactions, as related to this claim. Accordingly, Plaintiff's deliberate indifference to serious medical needs claim fails. *East v. Minnehaha Cty.*, 986 F.3d 816, 820 (8th Cir. 2021).

Because Plaintiff did not allege he was being denied medical care based on his inability to pay for it, his allegations about being required to pay for a doctor's visit fail to state a claim. *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999).

Plaintiff failed to allege how he was harmed by any conditions at the Detention Center. His conditions claim fails because he did not plead harm.

Plaintiff was advised of the deficiencies in his Complaint and I explained to Plaintiff what to include in an Amended Complaint if he wished to file one. Plaintiff was instructed to name as a Defendant each person he believed violated his rights and to provide specific facts against each named Defendant. (Doc. No. 3 at 7-8). Plaintiff, however, opted not to file an Amended Complaint. Accordingly, his Complaint should be dismissed for failure to state a claim on which relief may be granted for the reasons set out above.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice for failure to state a claim upon which relief may be granted.

2. Dismissal of this action count as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in

3.      The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 12th day of April 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."